UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

Rex Printing Company,

          Debtor.
_____/

Chapter 11
Case No. 18-55671-pjs
Hon. Phillip J. Shefferly

## STIPULATION FOR ENTRY OF ORDER CONFIRMING THE DEBTOR'S CHAPTER 11 PLAN

IT IS HEREBY STIPULATED AND AGREED by and between the Debtor, Rex Printing Company, though its counsel, Jay S. Kalish, the Office of the United States Trustee, though Ronna G. Jackson, Trial Attorney, the Michigan Department of Treasury, through its counsel, Moe Freedman, and the Michigan Unemployment Insurance Agency, through its counsel, Peter T. Kotula, for entry of the Order Confirming the Debtor's Chapter 11 Plan, attached hereto.

| JAY S. KALISH & ASSOCIATES, P.C. | OFFICE OF THE U. S. TRUSTEE |
|---|---|
| /s/ Jay S. Kalish | /s/ Ronna G. Jackson w/consent |
| JAY S. KALISH (P26301) | RONNA G. JACKSON |
| Attorney for Debtor | Trial Attorney |
| 2000 Town Center, Suite 1900 | 211 W. Fort Street, Suite 700 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 932-3000 | (313) 226-6934 |
| jskalish@aol.com | ronna.g.jackson@usdoj.gov |
| DANA NESSEL, Attorney General | DANA NESSEL, Attorney General |
| /s/ Moe Freedman w/consent | /s/ Peter T. Kotula w/consent |
| MOE FREEDMAN (P74224) | PETER T. KOTULA (P41629) |
| Assistant Attorney General | Assistant Attorney General |
| Attorney for Michigan Dept. of Treasury | Labor Division |
| 3030 W. Grand Blvd. | Attorney for Michigan Unemployment |
| Suite 10-200 | Insurance Agency |
| Detroit, MI 48202 | 3030 W. Grand Blvd., Ste. 9-600 |
| (313) 456-0140 | Detroit, MI 48202 |
| | (313) 456-2200 |

1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

    Rex Printing Company,

        Debtor.

_____/

Chapter 11
Case No. 18-55671-pjs
Hon. Phillip J. Shefferly

## ORDER CONFIRMING PLAN

The First Amended Combined Plan of Reorganization and Disclosure Statement under Chapter 11 of the Bankruptcy Code filed by the Debtor on July 29, 2019, (the "Plan"), or a summary thereof having been transmitted to all creditors, equity security holders and parties in interest; and,

It having been determined after hearing on notice that:

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law, and,

2. The provisions of Chapter 11 of the Code have been complied with; that the Plan has been proposed in good faith and not by any means forbidden by law; and,

3. Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date and the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the Plan; and,

4. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court; and,

1

5. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtor (and an affiliate of the debtor participating in a joint Plan with the Debtor) (or a successor to the Debtor under the Plan,) after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy; and,

6. The identity of any insider that will be employed or retained by the Debtor and his compensation has been fully disclosed; and,

7. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan:

**IT IS ORDERED** that:

The Plan filed by the Debtor on July 29, 2019, as modified by this Order, is confirmed and the provisions of said Plan and this Order are binding on all creditors, equity security holders and parties in interest.

**IT IS FURTHER ORDERED** that notwithstanding any provisions of the Plan, all priority tax claims, including the State of Michigan Department of Treasury[1] and the Michigan Unemployment Insurance Agency shall be paid with interest at each respective priority tax creditor's statutory rate and shall be paid in equal monthly payments over a period not to exceed 60 months from the date of the Order for Relief.

**IT IS FURTHER ORDERED** that upon the failure of the Debtor to make any payment due on any administrative, secured, priority or unsecured claim which is not cured within fifteen (15) days of

---

[1] At the November 22, 2019 Confirmation Hearing, the Debtor withdrew its October 3, 2019 Objections to State of Michigan, Department of Treasury Claim No. 3-3, (Doc#103), provided, however, that the Debtor retains the right to re-file this Objection following the Debtor's review of the State of Michigan, Department of Treasury's records detailing State of Michigan, Department of Treasury's application of approximately $95,000.00 in pre-petition payments tendered to the Department of Treasury.

the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of the entire claim.

**IT IS FURTHER ORDERED** that notwithstanding any provision to the contrary in this Confirmation Order, the Disclosure Statement, the Plan or any Plan document, nothing shall (1) affect the ability of the State of Michigan to pursue to the extent allowed by non-bankruptcy law any non-debtors for any liabilities that may be related to any tax liabilities owed by the Debtor to the State of Michigan; or (2) affect the rights of the State of Michigan to assert setoff and recoupment and such rights are expressly preserved. Moreover, Debtor agrees that it will timely file or cause to be filed all required Federal and State tax returns and shall otherwise comply with the provisions of the Internal Revenue Code and the State of Michigan Tax Code.

**IT IS FURTHER ORDERED** that in the event of a conversion of this case to a Chapter 7 proceeding, all property of the Debtor, Debtor-In-Possession, or the Reorganized Debtor, including all property which will revest in the Reorganized Debtor pursuant to confirmation of the Plan of Reorganization and all property acquired by the Reorganized Debtor subsequent to Plan confirmation, shall be property of the Chapter 7 Estate.

**IT IS FURTHER ORDERED** that the Debtor pay to the United States Trustee the appropriate fees required pursuant to 28 USC §1930(a)(6) within ten (10) days of the entry of this Order and simultaneously provide to the United States Trustee an appropriate Affidavit indicating the cash disbursements for the relevant period. The aforementioned United States Trustee fees shall be charges against the estate under Chapter 123 of Title 28, which are entitled to priority pursuant to 11 USC § 507(a)(2).

3

18-55671-pjs    Doc 110    Filed 12/04/19    Entered 12/04/19 11:17:57    Page 4 of 5

**IT IS FURTHER ORDERED** that in the event that the United States Trustee must reopen this case to obtain payment of outstanding quarterly fees, additional quarterly fees would accrue for the time period during which the case remains open.

**IT IS FURTHER ORDERED** that the Debtor shall continue to perform its obligations to file and serve its monthly operating reports and pay its quarterly fees to the United States Trustee for each quarter or partial quarter until such time as this case has been converted, dismissed or closed by the Bankruptcy Court.

**IT IS FURTHER ORDERED** that the Debtor shall continue to timely file monthly operating reports until the Court enters an order closing, dismissing or converting the case.